IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Craig A. Geiger,                :

    Plaintiff,            :

  v.                           :   Case No. 2:04-cv-1134

Stage Coach America, Inc.,       :   JUDGE FROST
et al.,
                             :
    Defendants.

REPORT AND RECOMMENDATION

    On June 9, 2005, the Court issued an Order referring Mr. Geiger's motion for default judgment to the undersigned to conduct a hearing on the damages issue.  On August 3, 2005, the undersigned held a hearing on that issue.  Mr. Geiger was the only party to appear.  For the following reasons, it will be recommended that Mr. Geiger's claims against Mr. Howard and Star Ride be dismissed.  It will be recommended that his motion for default judgment be granted as to Stage Coach America in the amount of $23,076.00.

    Mr. Geiger claims that defendants Keith Howard, Star Ride, Inc. and Stage Coach America, Inc. breached a contract of employment he entered into with the defendants in October 2004.  Mr. Howard was a signatory to this contract on behalf of both Stage Coach America and a non-party to this action, Conversion Operations.  By this contract, Mr. Geiger was to be paid an annual salary of $120,000.00 and have six weeks of paid vacation per year.  Mr. Geiger testified that he worked for Defendants from October 13, 2004 until November 8, 2004 but he has not been

1

compensated.  As a result, Mr. Geiger claims that he is entitled to compensation for ten weeks of employment, which includes four weeks of work plus six weeks of paid vacation.  Regarding Mr. Geiger's mitigation of his damages, he testified that he is not currently employed but he is attempting to start his own business.

First, regarding Mr. Geiger's claims against Mr. Howard personally, they appear to be raised against him in his capacity as president of Stage Coach America.  Typically, an officer of a corporation is not liable for the corporation's obligations or debts.  See  Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc., 67 Ohio St.3d 274, 287 (1993).  An exception to this rule applies when there is evidence that the corporate veil should be pierced.  In deciding whether to pierce the corporate veil to hold the individual officer personally liable, a court should consider whether: "(1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong."  Id. at 289.

In this case, Mr. Geiger identified Stage Coach America as a corporation.  Mr. Geiger presented no evidence that Mr. Howard has such complete control over Stage Coach America that it has no existence of its own, and the complaint pleads no such facts.  Although a party who is properly served and who does not timely respond to a complaint admits, by that default, all the well-pleaded allegations of the complaint, "[t]he corollary of this rule...is that a defendant's default does not in itself warrant the court in entering a default judgment.  There must be a

sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Therefore, it is not proper to pierce the corporate veil to hold Mr. Howard personally liable. It will be recommended that Mr. Geiger's claims against Mr. Howard personally be dismissed.

Regarding Mr. Geiger's claims against Star Ride, it is unclear from the complaint and from Mr. Geiger's testimony at the hearing what kind of involvement Star Ride had in his allegations. Mr. Geiger's complaint does not set forth particular allegations against Star Ride in relation to his claims. Therefore, for want of information as to the basis for Mr. Geiger's claims against Star Ride, it will be recommended that his claims against it be dismissed.

Finally, regarding Mr. Geiger's claims against Stage Coach America, as stated above, Mr. Geiger seeks damages based on Stage Coach America's failure to compensate him. In a breach of contract action, damages should place the injured party in as good a position as the party would have been in but for the breach. See Textron Fin. Corp. v. Nationwide Mut. Ins. Co., 115 Ohio App.3d 137, 144 (Summit Co. 1996). Compensatory damages "are limited to actual loss, which loss must be established with reasonable certainty." Doner v. Snapp, 98 Ohio App.3d 597, 601 (Miami Co. 1994). Further, when calculating damages, not only should the employee's salary be considered, but the calculation also should include other benefits such as vacation pay. See Worrell v. Multipress, Inc., 45 Ohio St.3d 241, 247 (1989).

The evidence reflects that Mr. Geiger worked for Stage Coach America for four weeks and that he was entitled to six weeks of paid vacation. Based on an annual salary of $120,000.00, Mr. Geiger was owed $2,307.69 each week. The Court concludes that an award of $23,076.00 for ten weeks of employment will put Mr.

Geiger in as good a position as he would have been in but for the breach.  The Court can find no basis for awarding additional damages.  Therefore, it will be recommended that Mr. Geiger's motion for default judgment be granted as to Stage Coach America in the amount of $23,076.00.

Based on the foregoing, it is RECOMMENDED that Mr. Geiger's claims against Mr. Howard and Star Ride be dismissed.  It is further RECOMMENDED that his motion for default judgment (file doc. #7) be granted against Stage Coach America in the amount of $23,076.00, and that this case be terminated.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v.

4

<u>Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

                                              <u>/s/ Terence P. Kemp</u>
                                              United States Magistrate Judge